IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CECILIA BAKER, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:20-cv-508-KGB

**APC PASSE, LLC, and ARKANSAS**            **DEFENDANTS**
**PROVIDER COALITION, LLC**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

Plaintiff Cecilia Baker ("Named Plaintiff"), individually and on behalf of others similarly situated, including Kenyatta Booze, Carolyn Doty, Felicia Green-Morrow, and Angela Overturf ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), and Defendants APC Passe, LLC ("Passe"), and Arkansas Provider Coalition, LLC ("APC") (collectively, "Defendants"), by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Settlement and Dismissal:

1. Named Plaintiff initiated this action on May 13, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 ("AMWA"). ECF No. 1. Named Plaintiff contends that during her tenure with Defendants she and a group of other similarly situated employees performed "off-the-clock" work for which they were not compensated. *Id.*

2. On July 21, 2020, Named Plaintiff moved this Court for conditional certification of a collective action consisting of all supervisors and care coordinators

Page 1 of 6
Cecilia Baker, et al. v. APC Passe, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-508-KGB
Joint Motion for Approval of Settlement

employed by Defendants within the three years prior to the filing of Plaintiff's Complaint. ECF No. 11.

3. On September 17, 2021, this Court conditionally certified a collective class of: "All hourly care coordinator supervisors employed by APC and Passe in Arkansas since May 13, 2017." ECF No. 39. The Court also directed that notices of the lawsuit and Consent to Join forms be sent to the individuals in the conditionally certified collective. *Id.*

4. Following the Court-approved notice period, the Opt-In Plaintiffs submitted Consent to Join forms.

5. Defendants deny that Plaintiffs were not properly compensated for all hours worked, including overtime hours, thereby creating a bona fide dispute as to wages owed. Specifically, Defendants contend that Plaintiffs were properly paid for all hours worked and that, to the extent any off-the-clock work was performed, it was not compensable because Plaintiffs' concealment of such purported work. Further, Passe denies that it was Plaintiffs' employer, as required by the FLSA and AMWA .

6. The parties engaged in extensive discovery regarding Plaintiffs' claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendants as well as defenses. This discovery included the depositions of Named Plaintiff as well as Opt-In Plaintiffs Carolyn Doty and Angela Overturf.

7. Following arm's-length settlement negotiations between counsel, the parties have entered into a settlement memorialized in the attached Settlement Agreement and Release of Claims ("Agreement") resolving Plaintiffs' claims for back wages. A copy of the Agreement is attached hereto as Exhibit 1.

Page 2 of 6
Cecilia Baker, et al. v. APC Passe, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-508-KGB
Joint Motion for Approval of Settlement

8. Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n. 8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

9. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

11. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendants' defenses, including the proper method for calculating any alleged damages, as well as any additional fees and costs. Plaintiffs have specifically considered the potential value of their claims and have concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Specifically, under the terms of the settlement, each Plaintiff is receiving at least an amount roughly equivalent to the amount of lost

Page 3 of 6
Cecilia Baker, et al. v. APC Passe, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-508-KGB
Joint Motion for Approval of Settlement

overtime wages she would have been entitled to had she worked 5 more hours for Defendants per week at their average overtime rate calculated from Defendants' records. This is a fair compromise for a number of reasons. First, although Defendants instructed Plaintiffs to record and submit their own hours worked, Plaintiffs failed to record or submit the alleged off-the-clock work. Second, Plaintiffs had no direct documentary proof other than their own testimony as to their alleged off-the-clock work. Defendants likewise support the proposed settlement because it eliminates the uncertainties, risks, and cost of further litigation.

12. The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, the Parties negotiated an amount of attorneys' fees of $17,500.00 completely separate from and after the settlement of Plaintiffs' claims.

13. Plaintiffs' counsel seeks an additional $720.50 as reimbursement for incurred case expenses. Below is a table of Plaintiffs' counsel's expenses for the matter. The named Plaintiff agreed that those costs would be borne by Plaintiff.

| Amount | Date | Description |
|---|---|---|
| $14.00 | 5/13/2020 | Copies of Case-Opening Documents |
| $400.00 | 5/15/2020 | Filing Fee |
| $160.00 | 7/29/2020 | Service Fees for Three Defendants |
| $75.00 | 10/5/2021 | Postage for Notice Mailing |
| $60.00 | 10/5/2021 | Copies for Notice Mailing |

Page 4 of 6
Cecilia Baker, et al. v. APC Passe, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-508-KGB
Joint Motion for Approval of Settlement

| | | |
|---|---|---|
| $10.00 | 12/17/2021 | TLOs for Notices Returned Undeliverable |
| $1.50 | 12/17/2021 | Postage for Re-mailed Notices |

14. All of the above expenses were directly related to the prosecution of this case. Reimbursement of these case expenses is a fair assessment of costs and is consistent with Named Plaintiff's contract with Plaintiffs' counsel.

15. Plaintiffs and Defendants jointly seek dismissal, with prejudice, of Plaintiffs' claims for back wages and all other relief as sought in the Complaint in this action. The parties request that following the Court's approval of the Agreement, the Court dismiss the above-styled action with prejudice and retain jurisdiction for the enforcement of the Agreement.

WHEREFORE, Plaintiffs and Defendants jointly request that the Court enter an order dismissing with prejudice Plaintiffs' claims for back wages and all other relief in this lawsuit and approving the Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

**CECILIA BAKER, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Page 5 of 6
Cecilia Baker, et al. v. APC Passe, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-508-KGB
Joint Motion for Approval of Settlement

        Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and   DEFENDANTS APC PASSE, LLC, and ARKANSAS PROVIDER COALITION, LLC**

CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.
500 President Clinton Avenue, Ste 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Facsimile: (501) 371-0035

*/s/ Alexander D. Clark*
Alexander D. Clark
Ark. Bar No. 2017112
aclark@cgwg.com

**Page 6 of 6
Cecilia Baker, et al. v. APC Passe, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-508-KGB
Joint Motion for Approval of Settlement**