THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CECILIA BAKER, Individually and on Behalf
of All Others Similarly Situated**                                                                 **PLAINTIFF**

v.                              Case No. 4:20-cv-00508-KGB

**APC PASSE, LLC; ARKANSAS PROVIDER
COALITION, LLC; and ANTHEM
PARTNERSHIP HOLDING COMPANY, LLC**                                              **DEFENDANTS**

## ORDER

Plaintiff Cecilia Baker filed this matter on behalf of herself and all others similarly situated, including opt-in plaintiffs Kenyatta Booze, Carolyn Doty, Felicia Green-Morrow, and Angela Overturf (collectively "plaintiffs"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Minimum Wage Act of the State of Arkansas ("MWASA"), Ark. Code Ann. § 11-4-201, *et seq.* Currently before the Court is the joint motion for approval of settlement agreement and dismissal (Dkt. No. 70). The parties indicate that they reached a settlement agreement in this case. The parties now request that the Court approve the settlement and dismiss with prejudice this action. The parties have attached the Settlement Agreement and Release of Claims ("Settlement Agreement") to their joint motion, and the Court has reviewed the terms of the parties' Settlement Agreement (Dkt. No. 70-1).

Settlement agreements resolving FLSA claims typically are subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)). Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.

2007).  The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.  Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise).  If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise).  The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The Court conditionally certified a collective action of all hourly care coordinator supervisors employed by defendants Arkansas Provider Coalition, LLC ("APC") and APC PASSE, LLC ("PASSE") in Arkansas since May 13, 2017 (Dkt. No. 39).  The motion for approval of settlement represents that the individuals who filed written consents to join this lawsuit and agreed to representation by Ms. Baker and her counsel agree to be bound by the settlement or adjudication of this litigation (Dkt. No. 70).  Based upon the Court's review of information in the pleadings filed and language in the Settlement Agreement, the Court determines that plaintiffs' recovery is reasonable and furthers the implementation of the FLSA in the workplace.  The Court approves the Settlement Agreement as to resolution of this *bona fide* wage dispute and other claims.

The motion and Settlement Agreement also purport to resolve attorney's fees and costs. The Court determines that the attorney's fees and costs were negotiated separately, without regard to plaintiffs' FLSA claim, and the Court sees no conflict of interest in the circumstances here. *Barbee v. Big River Steel*, LLC, 927 F.3d 1024, 1027 n.1 (8th Cir. 2019).

The Court therefore grants the joint motion for approval of settlement agreement and dismissal (Dkt. No. 70).  The Court dismisses this matter with prejudice.  The release set forth in the Settlement Agreement shall apply to plaintiffs in this matter (Dkt. No. 70-1, at 4-6).  The Court retains complete jurisdiction for 60 days to enforce the terms of the Settlement Agreement, as necessary, and to vacate this Order and to reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.

So ordered this the 26th day of September, 2023.

_____
Kristine G. Baker
United States District Judge